IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-HC-2062-D

| | |
|---|---|
| JAMES JOSEPH OWENS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| TYRANE L. MORGAN, et al., ) | |
| ) | |
| Respondents. ) | |

James Joseph Owens ("Owens" or "petitioner") filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. 1]. On March 9, 2010, the court reviewed Owens's amended petition and allowed Owens's challenge to medication as a mental health aftercare condition of his parole to proceed [D.E. 30]. Between March 22 and April 8, 2010, Owens filed six discovery-related motions [D.E. 34–35, 39–41, 45]. On March 29, 2010, respondents filed a motion to dismiss or for summary judgment [D.E. 36]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Owens about the motion for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 38]. On April 7, 2010, respondents filed a motion to stay discovery [D.E. 42] pending the court's ruling on the motion to dismiss. On April 19, 2010, Owens filed a response [D.E. 46] and two supplemental responses [D.E. 47–48].

I.

Owens a/k/a Owens-El is a prolific litigant, who has filed numerous actions in federal courts around the country. See Owens v. Morgan, No. 5:08-HC-2062-D, [D.E. 30], at 1–2 (E.D.N.C. Mar.

9, 2010) (collecting cases). When Owens filed this action, he was confined at the Federal Correctional Complex in Butner, North Carolina. See Pet. ¶ 1. The Federal Bureau of Prisons ("BOP") released Owens on July 17, 2009. See BOP: Inmate Locator, http://www.bop.gov/iloc2/ LocateInmate.jsp (last visited Dec. 13, 2010).[1] In this petition, Owens challenges the imposition of a mental health aftercare requirement as a condition of parole. Specifically, it appears that Owens asserts that the United States Parole Commission ("parole commission") unlawfully ordered him to comply with a psychiatrist's medication and treatment regimens and to submit to home electronic monitoring[2] while on parole. See Am. Pet. 12. Owens alleges that the parole commission included these release conditions without cause, consent, or due process. Id. at 13.

In 1979, Owens received a twenty-five year sentence for robbery of a person in possession of United States mail matter. Owens v. United States, 1:09-CV-530-JFM [D.E. 4] at 1 (D. Md. Mar. 11, 2009) (unpublished). He was subsequently diagnosed with multiple mental illnesses, including delusional disorder. Id. at 2. While in custody, he was convicted of assault with intent to commit murder. Id. at 1. The assault involved an attack on a prison guard, "who [Owens] beat[] so badly that it was felt initially that he was unlikely to recover." Mot. Dismiss, Ex. K at 2 (June 18, 1991 parole commission hearing summary). Owens attempted to attack other inmates and BOP employees while in custody. Id. However, it appears that in recent years, despite the fact that Owens continues to suffer from delusional disorder and "would benefit from psychiatric treatment"

---

[1] Although Owens has been released, he is on parole and his claim is not moot. See Hensley v. Mun. Court, 411 U.S. 345, 351–53 (1973); Jones v. Cunningham, 371 U.S. 236, 243 (1963); see also Darouse v. U.S. Parole Comm'n, 90 Fed. App'x 675, 676 (4th Cir. 2004) (per curiam) (unpublished); Nakell v. Att'y Gen., 15 F.3d 319, 323 (4th Cir. 1994).

[2] To the extent Owens challenges the imposition of a home electronic monitoring condition, this claim is moot because Owens is no longer subject to that condition. See Mot. Dismiss, Ex. Y at 3 (180-day period of home confinement began on July 15, 2009, and has expired); Br. Supp. Mot. Dismiss at 6 n.1.

and antipsychotic medication, Owens's treatment providers have concluded that he "appears to be low risk for self-harm or harm to others at this time" and "forced participation in treatment may further contribute to and worsen his current delusional state." Mot. Dismiss, Ex. Z at 3–4 (Aug. 10, 2007 BOP psychiatric report).

A.

In considering respondents' motion to dismiss or for summary judgment, the court views the evidence in the light most favorable to petitioner and applies well-established principles under Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure. See, e.g., Scott v. Harris, 550 U.S. 372, 378 (2007); Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–52 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, the court need not accept petitioner's "legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006) (quotations omitted) (discussing Rule 12(b)(6) of the Federal Rules of Civil Procedure); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Ct. of Appeals, No. 09-1582, 2010 WL 4486748, at *2 (4th Cir. Nov. 10, 2010); Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc).

The parole condition at issue requires Owens to "be subject to the Special Mental Health Aftercare Condition (which will include medi[c]ation[3] only if recommended by the Community Mental Health Provider)." Mot. Dismiss, Ex. X (June 22, 2009 Parole Commission Notice of

---

[3] The parole commission actually used the word "mediation;" however, the parties agree that the issue is whether the parole commission may require Owens to undergo forced treatment with antipsychotic medication.

3

Action). Before his release on parole, Owens objected to the condition, and an examiner for the parole commission conducted a hearing. Mot. Dismiss, Ex. W (May 4, 2009 hearing summary). The examiner concluded that Owens "functions better without medication" and ordered that the terms of the parole condition "be changed so that it is more obvious that the Commission intends for [Owens] to take psychotropic medication only if recommended by the Mental Health Care Provider in the community." Id. at 4. Additionally, the examiner noted it was unlikely "that a community health provider will . . . recommend involuntary use of psychotropic medications in this case" as Owens's "history of delusional behavior does not support the need for use of psychotropic medication." Id.

B.

Initially, the court questions whether Owens has suffered an actual, concrete injury giving the court jurisdiction to consider his challenge. See Friedman's, Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002) ("[T]he question of whether we are presented with a live case or controversy is a question we may raise sua sponte . . . ."). Although the parole commission has previously revoked Owens's parole for his refusal to take antipsychotic medication, Mot. Dismiss, Ex. S (Dec. 5, 2007 revocation hearing summary), Owens does not allege or argue that while on his current term of parole he has either been subjected to involuntary medication or that the parole commission has threatened to revoke his parole for refusing prescribed medication.

> Article III gives federal courts jurisdiction only over "Cases" or "Controversies." Our judicial power may be exercised only where conflicting contentions of the parties present a real, substantial controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract. From this requirement courts developed the doctrine of ripeness. Its basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements. We assess ripeness by balancing the fitness of the issues for judicial decision with the hardship to the parties of withholding court consideration. Because the doctrine of ripeness prevents judicial consideration of issues until a controversy

4

is presented in clean-cut and concrete form, problems such as the inadequacy of the record or ambiguity in the record will make a case unfit for adjudication on the merits.

Ostergren v. Cuccinelli, 615 F.3d 263, 287–88 (4th Cir. 2010) (quotations, citations, and alterations omitted). In Ostergren, the Fourth Circuit dismissed a First Amendment challenge on ripeness grounds. Id. at 288. Ostergren challenged a Virginia statute that criminalized the intentional communication of Social Security numbers to the general public. Id. at 287. Ostergren claimed that the statute reached the publishing of public records from other states. Id. However, Ostergren "developed almost no evidentiary record[,] . . . . failed to develop any legal theory [on the issue] . . . . [and] the Attorney General . . . seem[ed] opposed to prosecuting Ostergren for publishing [any] such documents." Id. at 288. Thus, the claim was not ripe. Id.

Here, Owens has not been required to take any medication and not threatened with revocation of his parole. It also appears unlikely that Owens will be required to take medication. Thus, Owens's claim is not ripe for adjudication and must be dismissed. See, e.g., Stewart v. Martinez-Villareal, 523 U.S. 637, 644–45 (1998) (examining habeas petition challenging capital prisoner's competency to be executed; noting that prisoner's prior petition had been dismissed as unripe "because his execution was not imminent and therefore his competency to be executed could not be determined at that time"); Turnage v. U.S. Parole Comm'n, 157 Fed. App'x 507, 508–09 (3d Cir. 2005) (per curiam) (unpublished) (dismissing as unripe 28 U.S.C. § 2241 petition challenging parole commission's calculations which allegedly increased petitioner's sentence by over two years because calculations had not yet been used to determine any parole date); Bundy v. Stommel, No. 04-cv-02490-MSK-CBS, 2007 WL 2302314, *4 (D. Colo. Aug. 8, 2007) (unpublished) (noting that a challenge to involuntary medication as condition for parole eligibility "could not possibly accrue until such time as the Plaintiff refused to voluntarily continue taking

5

medication").

## C.

Alternatively, Owens's claim fails on the merits. The parole commission's authority to place conditions on a grant of parole is broad. See, e.g., Kennedy v. Allera, 612 F.3d 261, 266 (4th Cir. 2010). Congress has committed these actions to agency discretion, and insulated them from judicial review. Id. Although courts retain the ability to review the commission's actions for violations of the constitution, statutes, or regulations, a court may not review the decision itself. Id.; see also United States ex rel. Rowe v. Nicholson, 78 F.2d 468, 469–70 (4th Cir. 1935) ("It must be borne in mind that the legal philosophy underlying the parole law is not a release of the prisoner from all disciplinary restraint but is rather merely an extension of the prison walls; and the prisoner while on parole remains in the legal custody and under the control of the Parole Board." (quotations omitted)). Therefore, the court examines the mental health condition imposed by the parole commission only to determine whether it violates Owens's constitutional rights.

Owens unquestionably "ha[s] a 'significant constitutionally protected liberty interest in avoiding the unwanted administration of antipsychotic drugs.'" United States v. White, 620 F.3d 401, 409 (4th Cir. 2010) (quoting Sell v. United States, 539 U.S. 166, 178 (2003)). However, Owens's liberty interest may be overcome upon "a finding of overriding justification and a determination of medical appropriateness." Riggins v. Nevada, 504 U.S. 127, 135 (1992). Thus, a person on parole may be required to take psychotropic medication where "the record establishes that the involuntary-medication requirement is medically appropriate." United States v. Holman, 532 F.3d 284, 290 (4th Cir. 2008) (collecting cases). In Holman, the Fourth Circuit affirmed the imposition of a regimen of intramuscular injections of antipsychotic medication as a condition of supervised release because "[t]he district court imposed the involuntary-medication condition in

6

order to protect Holman himself and to protect the general public, and the record clearly supports the district court's determination that Holman is a danger to himself and others when off his medication." Id.; see also United States v. Larson, No. 09-1465, 2010 WL 4598137, *6 (10th Cir. 2010) (finding district court not constitutionally prohibited from ordering medication — based on what it believed to be defendant's medical interest — because order occurred during supervised release, which is a portion of defendant's penal sentence).

Here, the record demonstrates that, in imposing the parole condition, the parole commission and hearing examiner considered Owens's record — a record which demonstrates that Owens's untreated mental illness has caused him to be quite dangerous to others. The parole condition also requires a medical prescription from a licensed mental health care provider. The condition is thus supported by Owens's record and will only be imposed when in his medical interest. Therefore, the condition does not violate Owens's constitutionally protected liberty interests in avoiding unwanted antipsychotic medication.

II.

In sum, respondents' motion to dismiss [D.E. 36] is GRANTED. Petitioner's application for habeas corpus relief is DISMISSED. All remaining pending motions [D.E. 34–35, 39–42, 45] are DENIED AS MOOT. The Clerk of Court is DIRECTED to close this case.

SO ORDERED. This 13 day of December 2010.

JAMES C. DEVER III
United States District Judge